IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-KX03** : : : : : : : : Plaintiff : : v. : : **CP Acquisitions 5, L.P.** : : : Defendant : | Case 2:19-cv-01493-GAM |

### ORDER GRANTING MOTION OF WILLIAM J. MAFFUCCI, ESQ. AND SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEFENDANT

AND NOW, this ___ day of _____ 2023, upon consideration of the motion of William J. Maffucci, Esq. and Semanoff Ormsby Greenberg & Torchia, LLC for leave to withdraw as counsel for the defendant be, and hereby is, GRANTED, and it is therefore

ORDERED that William J. Maffucci, Esq., and Semanoff Ormsby Greenberg & Torchia, LLC, be, and hereby are, WITHDRAWN as counsel for the defendant, CP Acquisitions 5, L.P.

By the Court:

_____
Gerald A. McHugh, J.

{02638442;v2 }

William J. Maffucci (Pa. Att'y 44652)
SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley PA  19006
215-518-5759  |  wmaffucci@sogtlaw.com
Counsel for the Defendant, CP Acquisitions 5, L.P.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-KX03<br><br>                          Plaintiff<br><br>            v.<br><br>CP Acquisitions 5, L.P.<br><br>                          Defendant | Case 2:19-cv-01493-GAM |

### MOTION OF WILLIAM J. MAFFUCCI, ESQ. AND
### SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC)
### FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEFENDANT

William J. Maffucci, Esq. ("**Mr. Maffucci**") and the law firm Semanoff Ormsby Greenberg & Torchia, LLC ("**SOGT**") hereby move for leave to withdraw as counsel for the defendant, CP Acquisitions 5, L.P. ("**Defendant**"), in this action in mortgage foreclosure, averring as follows:

1. Mr. Maffucci, as an attorney with SOGT, entered his appearance for the Defendant on April 9, 2019.

{02638442;v2 }

2. During the four-year period following his entry of appearance, Mr. Maffucci and SOGT represented the Defendant's principals, David Blumenfeld and Kevin Michalczewski (collectively, "**Principals**"), and several affiliates ("**Affiliates**"), in other matters.

3. Over the past year the attorney-client relationship between Mr. Maffucci and SOGT, on the one part, and the Defendant, the Principals, and the Affiliates, on the other part, has become strained by the latter's failure to tender payment for services rendered by Mr. Maffucci and SOGT.

4. More than a year has passed since Mr. Maffucci and SOGT received any payment from the Defendant for services rendered in this action.

5. Mr. Maffucci and SOGT have attempted at length but unsuccessfully, through direct communication with the Principals, to procure payment for amounts now due from the Defendant for services rendered in this action and in other matters.

6. Mr. Maffucci and SOGT have advised the Principals that, because of the failure of the Principals, the Defendant, and the Affiliates to pay for services rendered in this action and in other matters, Mr. Maffucci and SOGT must withdraw from representation of them in all active matters and terminate the attorney-client relationship between them.

7. The Principals, the Defendant, and the Affiliates have not objected to the actions taken thus far by Mr. Maffucci and SOGT to withdraw from active matters and to terminate the attorney-client relationship.

8. Mr. Maffucci and SOGT believe and therefore aver that the Defendant does not and will not object to the withdrawal of Mr. Maffucci and SOGT as counsel for the Defendant in this action.

9. Rule 1.16 of the Pennsylvania Rules of Professional Conduct, which governs declining or terminating representation, states in pertinent part:

> (b) [A] lawyer may withdraw from representing a client if:
>
> 1. withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> . . .
>
> 5. the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> 6. the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

Pa. R. of Prof'l Conduct 1.16 (2023).

10. The Superior Court of Pennsylvania has unequivocally declared that attorneys have the right to be paid for the services they provide and should not be required to continue to provide services when there is no prospect for payment:

> Where a lawyer has conscientiously represented his client and has not left him without time to prepare his case for trial or to procure other counsel for such trial, his petition for withdrawal is not made in bad faith. And where said client owes past legal fees of a substantial amount and is not in a position to pay for future legal fees for a protracted trial, there is no reason to deny an attorney's petition for leave to withdraw.

*Commonwealth v. Scheps*, 523 A.2d 363, 370 (Pa. Super. 1987); *Commonwealth v. Roman*, 549 A.2d 1320 (Pa. Super. 1988) (granting motion to withdraw as counsel due to unpaid fees when there was minimal prejudice). As this Court has explained:

> Attorneys deserve to be paid for the reasonable value of their work. The legal profession may require many things of its practitioners, but does not require that they take a vow of poverty. It is unreasonable for [a party] to expect a law firm to continue to represent them when it has not been paid for services rendered and apparently has little assurance of payment for services to be rendered in the future.

*Max-Um Fin. Holding Corp. v. Moya Overview, Inc.*, No. 88-6345, 1990 U.S. Dist. LEXIS 12324, at *3 (E.D. Pa. Sept. 19, 1990), *aff'd*, 676 F.2d 686 (3d Cir. 1982).

11. The withdrawal by Mr. Maffucci and SOGT as Defendant's counsel in this action will not prejudice the Defendant, because (i) on April 10, 2019, this Court entered and order (to which Defendant consented) appointing a receiver for the mortgaged property, (ii) the receivership remains in place, and (iii) the only services that Mr. Maffucci and SOGT have been required to provide in this action during the receivership, and the only services that they would likely provide if they were to continue as counsel for the Defendant, have been services that the Defendant and its Principals (at least one of whom, Mr. Blumenfeld, is an attorney admitted to practice in Pennsylvania) can handle on their own: the review of the Receiver's periodic reports.

Wherefore, Mr. Maffucci and SOGT respectfully ask that this Court enter an order granting them leave to withdraw as counsel for the Defendant in this Action.

Respectfully submitted,

*/S/ William J. Maffucci*
William J. Maffucci (Pa. Att'y 44652)
SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley PA  19006
215-518-5759 | wmaffucci@sogtlaw.com

April 7, 2023

William J. Maffucci (Pa. Att'y 44652)
SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley PA  19006
215-518-5759 | wmaffucci@sogtlaw.com
     Counsel for the Defendant, CP Acquisitions 5, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2018-KX03<br><br>               Plaintiff<br><br>v.<br><br>CP Acquisitions 5, L.P.<br><br>               Defendant | Case 2:19-cv-01493-GAM |

### BRIEF IN SUPPORT OF MOTION OF WILLIAM J. MAFFUCCI, ESQ. AND SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC) FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEFENDANT

William J. Maffucci, Esq. ("**Mr. Maffucci**") and Semanoff Ormsby Greenberg & Torchia, LLC ("**SOGT**") file this brief in support of their motion for leave to withdraw as counsel for the defendant ("**Defendant**") in the above-captioned action in mortgage foreclosure.

Rule 1.16 of the Pennsylvania Rules of Professional Conduct, which governs declining or terminating representation, states in pertinent part:

        (b)    [A] lawyer may withdraw from representing a client if:

{02638442;v2 }

6

> 1. withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> . . .
>
> 5. the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> 6. the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

Pa. R. of Prof'l Conduct 1.16 (2023).

The Superior Court of Pennsylvania has unequivocally declared that attorneys have the right to be paid for the services they provide and should not be required to continue to provide services when there is no prospect for payment:

> Where a lawyer has conscientiously represented his client and has not left him without time to prepare his case for trial or to procure other counsel for such trial, his petition for withdrawal is not made in bad faith. And where said client owes past legal fees of a substantial amount and is not in a position to pay for future legal fees for a protracted trial, there is no reason to deny an attorney's petition for leave to withdraw.

*Commonwealth v. Scheps*, 523 A.2d 363, 370 (Pa. Super. 1987); *Commonwealth v. Roman*, 549 A.2d 1320 (Pa. Super. 1988) (granting motion to withdraw as counsel due to unpaid fees when there was minimal prejudice). As this Court has explained:

> Attorneys deserve to be paid for the reasonable value of their work. The legal profession may require many things of its practitioners, but does not require that they take a vow of poverty. It is unreasonable for [a party] to expect a law firm to continue to represent them when it has not been paid for

services rendered and apparently has little assurance of payment for services to be rendered in the future.

*Max-Um Fin. Holding Corp. v. Moya Overview, Inc.*, No. 88-6345, 1990 U.S. Dist. LEXIS 12324, at *3 (E.D. Pa. Sept. 19, 1990), *aff'd*, 676 F.2d 686 (3d Cir. 1982).

The withdrawal by Mr. Maffucci and SOGT as Defendant's counsel in this action will not prejudice the Defendant, because (i) on April 10, 2019, this Court entered and order (to which Defendant consented) appointing a receiver for the mortgaged property, (ii) the receivership remains in place, and (iii) the only services that Mr. Maffucci and SOGT have been required to provide in this action during the receivership, and the only services that they would likely provide if they were to continue as counsel for the Defendant, have been services that the Defendant and its Principals (at least one of whom, Mr. Blumenfeld, is an attorney admitted to practice in Pennsylvania) can handle on their own: the review of the Receiver's periodic reports.

Wherefore, Mr. Maffucci and SOGT respectfully ask that this Court enter an order granting them leave to withdraw as counsel for the Defendant in this Action.

Respectfully submitted,

*/S/ William J. Maffucci*
William J. Maffucci (Pa. Att'y 44652)
SEMANOFF ORMSBY GREENBERG & TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley PA 19006
215-518-5759 | wmaffucci@sogtlaw.com

April 7, 2023

## Certificate of Service

I certify that I have this day caused a copy of the foregoing motion, together with the supporting brief and proposed forms of rule and order, to be served (i) upon the defendant and its principals via e-mail addressed to db@crossprop.com and km@crossprop.com and via prepaid Certified U.S. Mail (requesting a receipt), addressed as follows:

> David Blumenfeld, Esq.
> Kevin Michalczewski
> C.P. Acquisitions 5, L.P.
> c/o Cross Properties Realty, LLC
> 200 Bala Avenue
> Bala Cynwyd PA  19004

and (ii) counsel for the plaintiff via 1st Class U.S. Mail (postage prepaid), addressed as follows:

> Raymond A. Quaglia, Esq.
> BALLARD SPAHR LLP
> 1735 Market St., 51st Floor
> Philadelphia PA  19103

> /S/ William J. Maffucci
> William J. Maffucci

Dated: April 7, 2023

{02638442;v2 }